■ GERALDINE CLAYTON, Respondent, v ROBERT CLAYTON, Appellant. —In a proceeding pursuant to article 3A of the Domestic Relations Law (Uniform Support of Dependents Law), the husband appeals, as limited by his brief, from so much of an order of the Family Court, Westchester County, dated December 20, 1979, as amended by an order of the same court, dated February 13, 1980, as directed him to "resume support payments for the month of January 1980 at the rate of $100 per month per child for a total, as before, of $200 per month until emancipation, majority or death, plus a sum of $25 per month towards arrears, which are established to date at $1800 (without interest) and which additional payment is to continue until arrears are paid", with the said payments to be made through the court's support collection unit. Order as amended reversed insofar as appealed from by deleting the first decretal paragraph thereof, without costs or disbursements, and proceeding remanded to the Family Court, Westchester County, for further proceedings consistent herewith. At issue is appellant's obligation to pay child support for two of the parties' children removed to Florida by petitioner. After appellant interposed a denial in the Westchester County Family Court and gave testimony, the record was sent to the initiating court in Florida. There, however, petitioner's testimony was taken ex parte before her Florida attorneys. The transcript of that testimony was then returned to the Westchester County Family Court which then entered the orders in question without first providing appellant with an opportunity to appear, reply and cross-examine petitioner by means of depositions or written interrogatories. This procedure was in clear violation of subdivisions 7, 8 and 9 of section 37 of the Domestic Relations Law. With commendable candor the County Attorney agrees, and concedes that a reversal is required. Since the proceedings have not been completed and testimony remains to be taken, the question of appellant's obligation to resume support for the

children now in Florida, and to pay arrearages, must await the conclusion of said proceedings. The proceedings should be resumed and completed with all convenient speed. Mollen, P. J., Cohalan, O'Connor and Weinstein, JJ., concur.